1  WILLIAM SLOAN COATS (SBN 98464)
   MARK R. WEINSTEIN (SBN 193043)
2  SAM O'ROURKE (SBN 205233)
   KYLE D. CHEN (SBN 239501)
3  **WHITE & CASE LLP**
   3000 El Camino Real
4  Five Palo Alto Square, 9th Floor
   Palo Alto, California 94306
5  Telephone:    (650) 213-0300
   Facsimile:    (650) 213-8158
6
   Attorneys for Plaintiff
7
   ASUSTEK COMPUTER, INC.
8

E-FILING

**ORIGINAL FILED**

FEB 8 2008

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

ADR

9           UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA

11

12  ASUSTEK COMPUTER, INC.,                 CASE NO: C 08 00884 EMC

13          Plaintiff,                      COMPLAINT FOR DECLARATORY
                                            JUDGMENT
14      v.

15  TECHNOLOGY PROPERTIES LIMITED,
    PATRIOT SCIENTIFIC CORPORATION
16  and ALLIACENSE LIMITED,

17          Defendants.

---

PALOALTO 86325 v1 (2K)                              COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff ASUSTeK Computer, Inc. ("ASUSTeK" or "Plaintiff"), by and through its attorneys, alleges as follows:

1. This is a civil action arising under the Patent Laws of the United States, 35 U.S.C. §§101, et seq., seeking a declaratory judgment that no valid and enforceable claim of United States Patent Numbers 5,809,336 ('336 patent); 5,784,584 ('584 patent); 5,440,749 ('749 patent); 6,438,638 ('638 patent); and 6,976,623 ('623 patent) (collectively the "patents-in-suit") are infringed by Plaintiff.

## PARTIES

2. Plaintiff ASUSTeK is a Taiwan corporation with its principal place of business in Taipei, Taiwan, R.O.C.

3. Defendant Technology Properties Ltd. ("TPL") is, on information and belief, a California corporation with its principal place of business in Cupertino, California. On information and belief, TPL is a co-owner of the patents-in-suit.

4. Defendant Patriot Scientific Corporation ("Patriot") is, on information and belief, incorporated under the laws of the State of Delaware and maintains its principal place of business in Carlsbad, California. On information and belief, Patriot is a co-owner of the patents-in-suit.

5. Defendant Alliacense Ltd. ("Alliacense") is, on information and belief, a California corporation with its principal place of business in Cupertino, California. On information and belief, Alliacense is responsible for negotiating possible licenses to the patents-in-suit with third parties, on behalf of TPL.

## JURISDICTION AND VENUE

6. The Plaintiff files this complaint against TPL, Patriot and Alliacense (collectively "Defendants") pursuant to the patent laws of the United States, Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the federal courts of the United States, 28 U.S.C. §§ 2201 and 2202.

7. This Court has subject matter jurisdiction over this action, which arises under the patent laws of the United States, pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

8.  Venue in this District is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because, on information and belief, Defendants are corporations subject to personal jurisdiction in this District and, on information and belief, TPL and Alliacense maintain their principal places of business in this District.

## INTRADISTRICT ASSIGNMENT

9.  This action is properly filed in the San Jose Division of the Northern District of California because Defendants reside, or do business, in this district.

## EXISTENCE OF AN ACTUAL CONTROVERSY

10. There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

11. Beginning in or about 2006, and continuing thereafter, Alliacense has demanded that ASUSTeK enter into a royalty-bearing license for certain patents-in-suit. Alliacense has claimed that certain ASUSTeK products infringe one or more claims of certain patents-in-suit, and has told ASUSTeK that if it does not take a license, it may be subject to substantial liabilities.

12. Alliacense has to date provided ASUSTeK with multiple claim charts purporting to describe how many of ASUSTeK's products are allegedly covered by one or more claims of the patents-in-suit.

13. ASUSTeK has met with Alliacense many times to discuss a possible license. During such meetings, Alliacense has consistently demanded that ASUSTeK take a license or risk possible infringement liability. Although ASUSTeK and Alliacense have repeatedly discussed the possibility of a license, the parties have been unable to reach any agreement to date.

14. Based upon the above facts, there is an actual and justiciable controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

## FIRST CLAIM
## DECLARATORY JUDGMENTS REGARDING THE '336 PATENT

15. The Plaintiff hereby restates and realleges the allegations set forth in

paragraphs 1 through 14 and incorporates them by reference.

16. No valid and enforceable claim of the '336 patent is infringed by the Plaintiff.

## SECOND CLAIM

## DECLARATORY JUDGMENT REGARDING THE '584 PATENT

17. The Plaintiff hereby restates and realleges the allegations set forth in paragraphs 1 through 14 and incorporates them by reference.

18. No valid and enforceable claim of the '584 patent is infringed by the Plaintiff.

## THIRD CLAIM

## DECLARATORY JUDGMENT REGARDING THE '749 PATENT

19. The Plaintiff hereby restates and realleges the allegations set forth in paragraphs 1 through 14 and incorporates them by reference.

20. No valid and enforceable claim of the '749 patent is infringed by the Plaintiff.

## FOURTH CLAIM

## DECLARATORY JUDGMENT REGARDING THE '638 PATENT

21. The Plaintiff hereby restates and realleges the allegations set forth in paragraphs 1 through 14 and incorporates them by reference.

22. No valid and enforceable claim of the '638 patent is infringed by the Plaintiff.

## FIFTH CLAIM

## DECLARATORY JUDGMENT REGARDING THE '623 PATENT

23. The Plaintiff hereby restates and realleges the allegations set forth in paragraphs 1 through 14 and incorporates them by reference.

24. No valid and enforceable claim of the '623 patent is infringed by the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment as follows:

1. Declaring that no valid and enforceable claim of the patents-in-suit is infringed by the Plaintiff;

2. Declaring that Defendants and each of their officers, employees, agents, alter egos, attorneys, and any persons in active concert or participation with them be restrained and enjoined from further prosecuting or instituting any action against the Plaintiff claiming that the patents-in-suit are valid, enforceable, or infringed, or from representing that the products or services of the Plaintiff infringe the patents-in-suit;

3. A judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding the Plaintiff their attorneys' fees and costs in connection with this case;

4. Awarding the Plaintiff such other and further relief as the Court deems just and proper.

Dated: February 8, 2008

WILLIAM SLOAN COATS
MARK R. WEINSTEIN
SAM O'ROURKE
KYLE D. CHEN
WHITE & CASE LLP

_____
Kyle D. Chen
Attorneys for Plaintiff
ASUSTeK Computer, Inc.