| | |
|---|---|
| 1  WILLIAM SLOAN COATS (SBN 98464)<br>   MARK R. WEINSTEIN (SBN 193043)<br>2  SAM O'ROURKE (SBN 205233)<br>   KYLE D. CHEN (SBN 239501)<br>3  **WHITE & CASE LLP**<br>   3000 El Camino Real<br>4  Five Palo Alto Square, 9th Floor<br>   Palo Alto, California 94306<br>5  Telephone:   (650) 213-0300<br>   Facsimile:    (650) 213-8158 | **ORIGINAL<br>FILED**<br><br>FEB 1 3 2008<br><br>RICHARD W. WIEKING<br>CLERK U.S. DISTRICT COURT,<br>NORTHERN DISTRICT OF CALIFORNIA |

Attorneys for Plaintiffs

ASUSTEK COMPUTER, INC. and
ASUS COMPUTER INTERNATIONAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASUSTEK COMPUTER, INC. and<br>ASUS COMPUTER INTERNATIONAL<br><br>              Plaintiffs,<br><br>       v.<br><br>TECHNOLOGY PROPERTIES LIMITED,<br>PATRIOT SCIENTIFIC CORPORATION,<br>MCM PORTFOLIO LLC and<br>ALLIACENSE LIMITED,<br><br>              Defendants. | Case No.: C 08 00884 EMC<br><br>**FIRST AMENDED COMPLAINT<br>FOR DECLARATORY JUDGMENT**<br><br>FILE VIA FAX |

        Plaintiffs ASUSTeK Computer, Inc. ("ASUSTeK") and ASUS Computer International ("ACI") (collectively "Plaintiffs"), by and through their attorneys, allege as follows:

1. This is a civil action arising under the Patent Laws of the United States, 35 U.S.C. §§101, et seq., seeking a declaratory judgment that no valid and enforceable claims of United States Patent Nos. 5,809,336 ("'336 patent"); 5,784,584 ("'584 patent"); 5,440,749 ("'749 patent"); 6,438,638 ("'638 patent"); and/or 6,976,623 ("'623 patent") (collectively the "patents-in-suit") are infringed by Plaintiffs.

## PARTIES

2. Plaintiff ASUSTeK is a Taiwan corporation with its principal place of business in Taipei, Taiwan, R.O.C.

3. Plaintiff ACI is a California corporation with its principal place of business in Fremont, California. ACI is a wholly-owned subsidiary of ASUSTeK.

4. Defendant Technology Properties Ltd. ("TPL") is, on information and belief, a California corporation with its principal place of business in Cupertino, California. On information and belief, TPL is a co-owner of certain patents-in-suit.

5. Defendant Patriot Scientific Corporation ("Patriot") is, on information and belief, incorporated under the laws of the State of Delaware with its principal place of business in Carlsbad, California. On information and belief, Patriot is a co-owner of certain patents-in-suit.

6. MCM Portfolio LLC ("MCM") is, on information and belief, a Delaware limited liability company with its principal place of business in Cupertino, California. On information and belief, MCM is a co-owner of certain patents-in-suit and is owned or controlled by TPL.

7. Defendant Alliacense Ltd. ("Alliacense") is, on information and belief, a California corporation with its principal place of business in Cupertino, California. On information and belief, Alliacense is responsible for negotiating possible licenses to the patents-in-suit with third parties, on behalf of TPL.

## JURISDICTION AND VENUE

8. The Plaintiffs file this complaint against TPL, Patriot, MCM and

1  Alliacense (collectively "Defendants") pursuant to the patent laws of the United States, Title 35
2  of the United States Code, with a specific remedy sought based upon the laws authorizing actions
3  for declaratory judgment in the federal courts of the United States, 28 U.S.C. §§ 2201 and 2202.
4       9.    This Court has subject matter jurisdiction over this action, which arises
5  under the patent laws of the United States, pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.
6       10.    Venue in this District is proper under 28 U.S.C. §§ 1391(b) and (c) and
7  1400(b) because, on information and belief, Defendants are corporations subject to personal
8  jurisdiction in this District and, on information and belief, TPL, MCM and Alliacense maintain
9  their principal places of business in this District.

## INTRADISTRICT ASSIGNMENT

11       11.    Pursuant to Local Rule 3-2(c), because this is an intellectual property case,
12  it may properly be assigned to any division in this judicial district.

## EXISTENCE OF AN ACTUAL CONTROVERSY

14       12.    There is an actual controversy within the jurisdiction of this Court under 28
15  U.S.C. §§ 2201 and 2202.
16       13.    Beginning in or about late 2005, and continuing thereafter, Alliacense has
17  demanded that Plaintiffs enter into a royalty-bearing license for certain patents-in-suit. Alliacense
18  has claimed that products of Plaintiffs infringe one or more claims of certain patents-in-suit, and
19  has told Plaintiffs that if it does not take a license, it may be subject to substantial liabilities.
20       14.    Alliacense has to date provided Plaintiffs with multiple claim charts
21  purporting to describe how many of Plaintiffs' products are allegedly covered by one or more
22  claims of the patents-in-suit. Alliacense has also stated that Plaintiffs' exposure is increasing with
23  each day that it does not obtain a license to certain patents-in-suit. Alliacense has also threatened
24  Plaintiffs' customers, who have turned to Plaintiffs for indemnification.
25       15.    Plaintiffs have met with Alliacense several times to discuss a possible
26  license, with the most recent meeting having taken place on Oct. 29, 2007 at ASUSTeK's
27  headquarters in Taipei, R.O.C. During such meetings, Alliacense has consistently demanded that
28  Plaintiffs take a license or risk possible infringement liability. Although Plaintiffs and Alliacense

1 | have since discussed the possibility of a license, the parties have been unable to reach any
2 | agreement to date.

3 |   16. Based upon the above facts, there is an actual and justiciable controversy
4 | within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

## FIRST CLAIM

## DECLARATORY JUDGMENTS REGARDING THE '336 PATENT

  17. The Plaintiffs hereby restate and reallege the allegations set forth in paragraphs 1 through 16 and incorporate them by reference.

  18. No valid and enforceable claim of the '336 patent is infringed by the Plaintiffs.

## SECOND CLAIM

## DECLARATORY JUDGMENT REGARDING THE '584 PATENT

  19. The Plaintiffs hereby restate and reallege the allegations set forth in paragraphs 1 through 16 and incorporate them by reference.

  20. No valid and enforceable claim of the '584 patent is infringed by the Plaintiffs.

## THIRD CLAIM

## DECLARATORY JUDGMENT REGARDING THE '749 PATENT

  21. The Plaintiffs hereby restate and reallege the allegations set forth in paragraphs 1 through 16 and incorporate them by reference.

  22. No valid and enforceable claim of the '749 patent is infringed by the Plaintiffs.

## FOURTH CLAIM

## DECLARATORY JUDGMENT REGARDING THE '638 PATENT

  23. The Plaintiffs hereby restate and reallege the allegations set forth in paragraphs 1 through 16 and incorporate them by reference.

  24. No valid and enforceable claim of the '638 patent is infringed by the Plaintiffs.

## FIFTH CLAIM

## DECLARATORY JUDGMENT REGARDING THE '623 PATENT

25. The Plaintiffs hereby restate and reallege the allegations set forth in paragraphs 1 through 16 and incorporate them by reference.

26. No valid and enforceable claim of the '623 patent is infringed by the Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for judgment as follows:

1. Declaring that no valid and enforceable claim of the patents-in-suit is infringed by the Plaintiffs;

2. Declaring that Defendants and each of their officers, employees, agents, alter egos, attorneys, and any persons in active concert or participation with them be restrained and enjoined from further prosecuting or instituting any action against the Plaintiffs claiming that the patents-in-suit are valid, enforceable, or infringed, or from representing that the products or services of the Plaintiffs infringe the patents-in-suit;

3. A judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding the Plaintiffs their attorneys' fees and costs in connection with this case;

4. Awarding Plaintiffs such other and further relief as the Court deems just and proper.

Dated: February 13, 2008

WILLIAM SLOAN COATS
MARK R. WEINSTEIN
SAM O'ROURKE
KYLE D. CHEN
WHITE & CASE LLP

_____
Kyle D. Chen
Attorneys for Plaintiffs
ASUSTeK Computer, Inc. and
ASUS Computer International