WILLIAM SLOAN COATS (SBN: 94864)
email: wcoats@whitecase.com
MARK R. WEINSTEIN (SBN: 193043)
email: mweinstein@whitecase.com
KYLE D. CHEN (SBN 239501)
email: kchen@whitecase.com
WHITE & CASE LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA 94306
Telephone: (650) 213-0300
Facsimile: (650) 213-8158

Attorneys for Plaintiffs
ASUSTeK COMPUTER, INC. and ASUS COMPUTER INTERNATIONAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASUSTEK COMPUTER, INC. and ASUS COMPUTER INTERNATIONAL<br><br>Plaintiffs,<br><br>v.<br><br>TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, MCM PORTFOLIO LLC and ALLIACENSE LIMITED,<br><br>Defendants. | Case No. C 08 00884 JF<br>(related to C 08 00877 JF and Case No. C 08 00882)<br><br>**OPPOSITION OF PLAINTIFFS ASUSTEK COMPUTER INC. AND ASUS COMPUTER INTERNATIONAL TO DEFENDANTS' MOTION (1) TO DISMISS ON GROUNDS OF LACK OF SUBJECT MATTER JURISDICTION, (2) IN THE ALTERNATIVE, TO TRANSFER TO THE EASTERN DISTRICT OF TEXAS, AND (3) IN THE ALTERNATIVE, TO STAY PENDING APPEAL IN A RELATED CASED INVOLVING THE SAME ISSUES**<br><br>Date: August 1, 2008<br>Time: 9:00 a.m.<br><br>The Honorable Jeremy Fogel |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. FACTUAL BACKGROUND ..... 2

A. Parties and Patents ..... 2

1. Three of the Four TPL Entities Are in the Northern District of California, and None Are in the Eastern District of Texas ..... 2

2. The ASUSTeK Entities Have No Presence in the Eastern District of Texas. ..... 3

3. The Patents List Inventors Who Are Residents of the Northern District of California. ..... 3

B. The Dispute Between ASUSTeK and the Defendants ..... 4

C. Procedural Background ..... 5

1. The First-Filed California Action ..... 5

2. The TPL Entities' Belated Infringement Actions in the Eastern District of Texas ..... 5

III. ARGUMENT ..... 6

A. TPL's "Motion to Dismiss" Fails to Challenge Subject Matter Jurisdiction ..... 6

1. The First to File Rule Dictates That This Case Was Properly Filed and Should Remain in the Northern District of California. ..... 8

2. The Eastern District of Texas Is Not a More Convenient Venue than the Northern District of California Under 28 U.S.C. Section 1404(a) ..... 9

3. The Eastern District Texas is Less Convenient for the Parties and Witnesses. ..... 10

4. There is No Pending Action in the Eastern District of Texas that Requires Consolidation for Judicial Economy ..... 11

5. The Eastern District of Texas is Not the Better Venue Under Ninth Circuit Transfer Law or "the *Decker* Factors." ..... 13

B. TPL's Motion to Stay Should Be Denied as Moot. ..... 15

IV. CONCLUSION ..... 16

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Ambat v. City and County of San Francisco*, 2007 WL 3101323, (N.D. Cal. 2007) ..........7

*Arete Power, Inc.* v. *Beacon Power Corp.* 2008 WL 508477, (N.D. Cal. Feb. 22, 2008) ..........14

*Beres v. Village of Huntley*, 824 F.Supp. 763, (N.D. Ill. 1992)..........7

*Cadle v. Whataburger of Alice, Inc.*, 174 F.3d 599, (5th. Cir. 1999) ..........15

*Capo, Inc. v. DiopticsMed. Products, Inc.*, 387 F.3d 1352, (Fed. Cir. 2004)..........7

*Church of Scientology of California v. United States Department of Army*, 611 F.2d 738, (9th Cir. 1982) ..........8

*Decker Coal Co. v. Commw. Edison Co.*, 805 F.2d 834, (9th Cir. 1986)..........13

*Eskofot A/S v. E.I. du Pont de Nemours & Co.*, 872 F.Supp. 81, (S.D.N.Y. 1992)..........10

*Florens Container v. Cho Yang Shipping*, 245 F.Supp.2d 1086, (N.D. Cal. 2002) ..........14

*Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, (Fed. Cir. 1993)..........7, 8

*Genentech v. MedImmune*, 549 U.S. 118, 127 S.Ct. 764 (2007)..........6, 8

*Micron Technologies, Inc. v. Mosaid Technology, Inc.*, 518 F.3d 897, (Fed. Cir. 2008) ..........2, 3, 6, 7, 8, 9

*Miller Brewing Co. v. ACE U.S. Holdings, Inc.*, 391 F.Supp.2d 735, (E.D. Wis. 2005) ..........7

*Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, (9th Cir. 1982) ..........8, 15

*Pall Corp. v. PTI Techs., Inc.*, 992 F.Supp. 196, (E.D.N.Y. 1998) ..........12

*Royal Queentex Enterprises v. Sara-Lee Corp.*, 2000 WL 246599, 8, (N.D. Cal. March 1, 2000)..........15

*Sandisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372 (Fed. Cir. 2007) ..........7

*Sutter Corp. v. P&P Industries, Inc.*, 125 F.3d 914, (5th Cir. 1997)..........15

*Texas Instruments v. Micron Semiconductor*, 815 F.Supp. 994, (E.D. Tex 1993)..........15

## DOCKETED CASES

*Technology Properties Limited, Inc., v. Fujitsu Limited et al.*, Case No.: 2:05-CV-00494-TJW ..........11

**FEDERAL STATUTES**


28 U.S.C. § 1338 .......... 6

28 U.S.C. § 1404 .......... 6, 9

28 U.S.C. § 2201 .......... 6

Fed. R. Civ. P. 12(b) .......... 6

Fed. R. Civ. P. 45 .......... 4

## I. INTRODUCTION

The TPL Entities'[1] motion to dismiss, transfer, or stay ("Motion") is in stark conflict with controlling Supreme Court and Federal Circuit law, is devoid of factual basis, and should be denied. Plaintiffs ASUSTeK Computer, Inc. and ASUS Computer International ("ASUS International") (Plaintiffs collectively referred to herein as "ASUSTeK" or the "ASUSTeK Entities") filed their declaratory judgment action after more than a year of aggression from one or more TPL Entities, which included demands for money, purported infringement allegations against ASUSTeK products and other demands. Negotiations failed. Fully consistent with its rights under controlling law, the ASUSTeK Entities filed their declaratory judgment action on February 8, 2008 in this district, which is home to three of the four TPL Entities, home to ASUS International, home to the inventors listed on the patents in suit, and by far the most convenient venue for the totality of the parties and witnesses in these and related proceedings before this Court. There is no basis to question subject matter jurisdiction, and ASUSTeK's choice of venue as a first-to-file plaintiff should be given the credit it is due under the law.

The TPL Entities, on the other hand, ask this Court to ignore clear law and the overwhelming facts establishing this district as the best venue for this action (and the two related actions) in favor of the Eastern District of Texas, where it filed infringement actions against ASUSTeK some two and a half months after this action commenced. No party or foreseeable witness has any connection with the Eastern District of Texas to justify a transfer to that district. The entire predicate for TPL's extraordinary request concerns a dead infringement action that the TPL Entities brought in 2005 against different parties and that involved only two of the eight patents that are in dispute with ASUSTeK. The TPL Entities contend that the overwhelming facts and law supporting venue in this district should be ignored because of a technology tutorial presented to the Texas court nearly a year and half ago, a claim construction on a few terms that are sure to be but a microcosm of the issues raised by the current dispute, and an appeal of a

[1] The term "TPL Entities" refers herein collectively to defendants Technology Properties Limited ("TPL"); Patriot Scientific Corporation ("Patriot"); MCM Portfolio LLC ("MCM"); and Alliacense Limited ("Alliacense").

portion of that ruling which has since been affirmed. The prior and terminated Texas case can be cited for whatever appropriate purpose this Court deems proper. That separate case history, however, can have no effect on ASUSTeK's right as a legitimate, first-to-file declaratory judgment plaintiff to continue this action in the proper venue it has chosen in accordance with the law. Federal Circuit law is clear that it would be an abuse of discretion to transfer a first-filed declaratory judgment action to another district based on the existence of a prior suit in that district when, as here, the prior suit was not pending at the time the declaratory judgment action was filed. *See Micron Technologies, Inc.* v. *Mosaid Technology, Inc.*, 518 F.3d 897 (Fed. Cir. 2008).

For the reasons expressed below, ASUSTeK respectfully requests that the Court deny the TPL Entities' Motion and allow this case to proceed without further delay.

## II. FACTUAL BACKGROUND

There is no dispute that the vast majority of the parties and witnesses are either located in this district, or are located in places that are much closer in both travel distance and convenience than the Eastern District of Texas. Most notably, the TPL Entities are all located in California, with three out of four located in this district. Indeed, the Northern District of California was properly chosen as the venue for this action in light of the convenience to the totality of the parties and witnesses, including the declaratory judgment defendants.

### A. Parties and Patents

#### 1. Three of the Four TPL Entities Are in the Northern District of California, and None Are in the Eastern District of Texas.

Three of the four declaratory judgment defendants in this action have principal places of business in this district, while the fourth is headquartered nearby in the Southern District of California. TPL is a California corporation headquartered in **Cupertino, California**. Alliacense and MCM are also headquartered in **Cupertino, California**. Patriot, the lone TPL Entity that is not headquartered in this district, is located in **Carlsbad, California**. None of the TPL Entities allege any legitimate business connection to the Eastern District of Texas, other than a now-dormant history of filing infringement actions against others there.

**2. The ASUSTeK Entities Have No Presence in the Eastern District of Texas.**

Neither of the ASUSTeK Entities has a place of business in the Eastern District of Texas and has no reason to believe it has any witnesses located there. Declaration of Jacky Lu in Support of Plaintiffs' Opposition to Defendants' Motion (1) to Dismiss on Grounds of Lack of Subject Matter Jurisdiction, (2) in the Alternative, to Transfer to the Eastern District of Texas, and (3) in the Alternative, to Stay Pending Appeal in a Related Case Involving the Same Issues (the "Lu Decl."), ¶ 5. ASUSTeK is a Taiwan corporation headquartered in Taipei, Taiwan. *Id.*, ¶ 6. ASUS International is a California corporation headquartered in **Fremont, California.** *Id.*, ¶ 4. ASUSTeK conducts its business in the United States, including sales and product distribution, through ASUS International. *Id.* Witnesses for the ASUSTeK Entities either reside within the Northern District or can travel to the Northern District from Taiwan on a nonstop commercial flight. *Id.*, ¶ 6.

**3. The Patents List Inventors Who Are Residents of the Northern District of California.**

Collectively, nine patents are claimed to be owned or controlled by the defendants that are at issue in these related declaratory judgment cases.[2]

The first group of patents identified in the ASUSTeK Entities' Complaint is part of what the defendants call the Moore Microprocessor Patent ("MMP") Portfolio. These patents include U.S. Patent Nos. 5,440,749 (the "'749 Patent"), 5,809,336 (the "'336 Patent"), 5,784,584 (the "'584 Patent"), and 5,530,890 (the "'890 Patent")[3] (collectively the "MMP Patents"). These patents generally purport to cover various aspects of certain microprocessor technologies. The

[2] ASUSTeK's declaratory judgment action, N.D. Cal. Case No. C08 00884(JF), (the "ASUSTeK Action") has been related to N.D. Cal. Case No. C 08 00877 (JF) filed by Acer, Inc., Acer America Corporation, and Gateway, Inc. (the "Acer/Gateway Action") and N.D. Cal. Case No. C 08 00882 (JF) filed by HTC Corporation and HTC America, Inc. (the "HTC Action"), all of which were filed on February 8, 2008. These actions are referred to collectively herein as the "California Actions." On February 13, 2008, the ASUSTeK Entities filed an amended complaint adding ASUS International as an additional plaintiff, MCM as an additional defendant, and the '638 and '623 Patents as additional patents-in-suit.

[3] ASUSTeK has requested a stipulation from the declaratory judgment defendants for leave to file a Second Amended Complaint that will include the '890, '443 and '549 Patents.

inventors listed on the MMP Patents are Charles H. Moore of **Woodside, California** and Russell H. Fish, III of **Mountain View, California**.[4] *See* Declaration of Mark F. Lambert in Support of Plaintiffs' Opposition to Defendants' Motion (1) to Dismiss on Grounds of Lack of Subject Matter Jurisdiction, (2) in the Alternative, to Transfer to the Eastern District of Texas, and (3) in the Alternative, to Stay Pending Appeal in a Related Case Involving the Same Issues (the "Lambert Decl."), ¶ 1, Exh. A..

The second group of patents is referred to by the defendants as the CORE Flash Portfolio. The patents at issue from this portfolio include U.S. Patent Nos. 6,438,638 (the "'638 Patent"), 6,976,623 (the "'623 Patent"), 7,295,443 (the "'443 Patent"), and 7,162,549 (the "'549 Patent") (collectively the "CORE Flash Patents"). The inventors listed on the face of CORE Flash Patents are Sreenath Mambakkam of **San Jose, California**, Larry Lawson Jones of **Palo Alto, California** and Nicholas Antonopoulos of **San Jose, California**. These patents generally purport to cover technologies for using and accessing memory devices commonly used with digital cameras. The CORE Flash Portfolio were originally developed by and assigned to OnSpec Electronic, Inc., which is still in business and headquartered in **Santa Clara, California**. *See* <http://www.onspecinc.com/company.htm> (last visited July 11, 2008).

**B. The Dispute Between ASUSTeK and the Defendants.**

Beginning in or about late 2005, TPL enlisted its Cupertino, California based licensing entity, Alliacense, to demand that the ASUSTeK Entities enter into a royalty-bearing license to the MMP Portfolio. *See* First Amended Complaint, ¶ 11; Lu Decl., ¶¶ 2, 3. The demands were accompanied by claims that ASUSTeK products infringe patents from the MMP Portfolio and that the ASUSTeK Entities could be liable for substantial infringement damages. *Id.* In addition, the TPL Entities (through Alliacense) have claimed in the past year that ASUSTeK products infringe patents in the CORE Flash Portfolio.[5] *Id.* The threats led to negotiations between the

[4] TPL claims through the declaration of its counsel that Russell Fish is a resident of Dallas, Texas. Dallas is situated in the Northern District of Texas (and not the Eastern District) and is not within the Rule 45 radius of the Eastern District of Texas. As such, and assuming counsel's statement is accurate, the testimony of this one witness can be taken in the Northern District of Texas pursuant to Fed. R. Civ. P. 45.

[5] Alliacense attempted to illustrate its infringement allegations with a variety of claim charts

parties that were unsuccessful. *Id.* By February, 2008, it was clear that the ASUSTeK Entities and the TPL Entities had reached an impasse. *Id.*

### C. Procedural Background

#### 1. The First-Filed California Action.

On February 8, 2008, ASUSTeK filed a declaratory judgment action in this Court against TPL, Alliacense, and Patriot (Case No. 5:08-cv-00884-JF) directed at the '749, '336 and '584 Patents. On February 13, 2008, ASUSTeK filed an amended complaint adding ASUS International as an additional plaintiff, MCM as an additional defendant, and the '638 and '623 Patents as additional patents-in-suit. The ASUSTeK Entities have also sought a stipulation from the declaratory judgment defendants to obtain leave to file a Second Amended Complaint to include the '890, '443, and '549 Patents.

The initial Case Management Conference in the California Actions has been set for August 1, 2008, the same day as the hearing date for the present motion, and the Alternative Dispute Resolution (Mediation) deadline has been set for October 27, 2008.

#### 2. The TPL Entities' Belated Infringement Actions in the Eastern District of Texas.

On April 25, 2008, TPL filed patent infringement actions in the Eastern District of Texas against the ASUSTeK Entities,[6] which collectively assert the '749, '336, '584, '638, '623, '443 and '549 Patents. United States District Court, Eastern District of Texas Cases Nos. 2-08-cv-175 TJW-CE and 2-08-cv-177 TJW-CE. On June 4, 2008, the TPL Entities filed patent infringement actions asserting the '890 Patent against the ASUSTeK Entities (and the other plaintiffs in the California Actions). The parties have stipulated to August 15, 2008 as the due date for the responsive pleadings in the Texas actions, and there has been no other activity in those actions.

---

purporting to describe how various ASUSTeK products purportedly infringe the MMP and CORE Flash Portfolios. Alliacense has also threatened ASUSTeK customers, who have turned to one or more of the ASUSTeK Entities for indemnification. Lu Decl., ¶ 2.

[6] The TPL Entities also commenced Eastern District of Texas actions against the other plaintiffs in the California Actions alleging infringement of various combinations of the nine patents in dispute.

## III. ARGUMENT

TPL's Motion purports to seek three alternative forms of relief: (1) dismissal of this action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1); (2) in the alternative, transfer of this action to the Eastern District of Texas under 28 U.S.C. § 1404(a); and (3) a stay of this action pending TPL's appeal to the Federal Circuit of an adverse judgment in an unrelated action involving one of the eight patents at issue.

As explained in detail below, TPL's motion is without merit and should be rejected. TPL's jurisdictional argument under Rule 12(b)(1) borders on frivolous because this Court indisputably has subject matter jurisdiction under 28 U.S.C. § 1338(a), and declaratory judgment jurisdiction is proper under 28 U.S.C. § 2201 and established Supreme Court and Federal Circuit law. TPL's request for a transfer of this first-filed California action to the Eastern District of Texas is similarly baseless. This district is clearly the more convenient forum for the parties, and no contacts or connections with Texas justify a transfer. Finally, TPL's request for a stay pending an appeal to the Federal Circuit should be denied as moot because the Federal Circuit has since rejected TPL's appeal and affirmed the judgment against it.

### A. TPL's "Motion to Dismiss" Fails to Challenge Subject Matter Jurisdiction.

TPL's motion purports to seek dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The motion to dismiss is flatly contradicted by recent Supreme Court and Federal Circuit law addressing subject matter jurisdiction under 28 U.S.C. 2201(a) (the "Declaratory Judgment Act"). Tellingly, the motion makes no attempt to argue that declaratory judgment jurisdiction is improper under the Supreme Court's ruling in *Genentech* v. *MedImmune*, 549 U.S. 118, 127 S.Ct. 764 (2007). Nor does the motion attack the sufficiency of the declaratory judgment claims set forth in the pleadings. Thus, it is not contested that the California Actions each constitute "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." 127 S. Ct. at 771 (internal citations omitted); *Micron*, 518 F.3d at 901. In failing to challenge the sufficiency of the pleadings to establish subject matter jurisdiction, the motion to

dismiss fails to satisfy Rule 12(b)(1).[7]

Moreover, the Federal Circuit's recent ruling in *Micron*, *supra*, teaches that it would be an abuse of discretion to decline declaratory judgment jurisdiction over this action. As in *Micron*, "the record evidence amply supports a real and substantial dispute between these parties." 518 F.3d at 901. Unlike the *Micron* case, where the declaratory judgment actions precipitated from press releases by the patent owner, the patent owner's pattern of aggression against others, and discussions among the parties that were years old, 518 F.3d at 898-901, the instant declaratory judgment action arises out of continuous direct threats and specific allegations against ASUSTeK prior to the filing of this action – circumstances the TPL Entities do not dispute. Moreover, the TPL Entities confirmed the existence of a real and actual dispute by belatedly filing infringement actions in the Eastern District of Texas based on the same patents at issue in this action. *See Micron*, 518 F.3d at 902 (holding that a patent owner's infringement suit, filed after an accused infringer's declaratory judgment suit, confirmed the existence of a real and actual dispute between the parties).

The Federal Circuit has made clear that a district court may not decline to hear a declaratory judgment action in a patent case unless there are well-founded reasons for doing so. *See, e.g., Capo, Inc. v. DiopticsMed. Prods., Inc.*, 387 F.3d 1352, 1355-56 (Fed. Cir. 2004); *Sandisk Corp. v. STMicroelectronics*, Inc., 480 F.3d 1372, 1383 (Fed. Cir. 2007), *quoting Genentech* v. *Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) ("When there is an actual controversy and a declaratory judgment would settle the legal relations in dispute and afford relief from uncertainty or insecurity, in the usual circumstance the declaratory judgment is not subject

[7] TPL's motion to dismiss strangely invokes the notion of "abstention" as a basis for dismissal under FRCP 12(b)(1) in reliance on cases addressing *Younger*, *Pullman* and *Colorado River* abstention doctrines in proceedings involving concurrent federal and state court litigation. Mot. at 16:21-17:4; *citing Miller Brewing Co. v. ACE U.S. Holdings, Inc.*, 391 F.Supp.2d 735 at 742 (E.D. Wis. 2005) (declining to abstain under *Colorado River* doctrine); *Beres v. Village of Huntley*, 824 F. Supp. 763 (N.D. Ill. 1992) (declining to abstain under *Younger, Pullman* and *Colorado River* doctrines); *Ambat v. City and County of San Francisco*, 2007 WL 3101323 (N.D. Cal. 2007) (deferring to state court proceedings under Younger doctrine in discrimination dispute between police officers and the City of San Francisco). Such notions of abstention have no bearing on the Court's resolution of TPL's attempt to challenge the declaratory judgment plaintiffs' choice of venue in a valid, first-filed declaratory judgment action commenced in this district.

to dismissal."). The Federal Circuit's decision in *Micron*, for example, relied on the Supreme Court's decision in *MedImmune* (which issued after the district court decision) to find that declaratory judgment jurisdiction existed under circumstances far less compelling than the ones presented here, as explained above. Because the first-filed declaratory judgment action satisfies the *MedImmune* standard and will settle the legal relations of the parties, there is no sound basis for dismissal. *See Micron*, 518 F.3d at 905.

The TPL Entities, with the full benefit of the Supreme Court's *MedImmune* decision and the Federal Circuit's decision in *Micron*, have no basis to advance such a frivolous motion to dismiss for lack of subject matter jurisdiction.

### 1. The First to File Rule Dictates That This Case Was Properly Filed and Should Remain in the Northern District of California.

Controlling Federal Circuit law[8] recognizes and embraces the first-to-file priority rule: "absent sound reason for a change of forum, a first-filed declaratory action is entitled to precedence as against a later-filed patent infringement action." *Genentech*, 998 F.2d at 938; *Micron*, 518 F.3d at 904 ("the general rule favors the forum of the first-filed action, whether or not it is a declaratory judgment action"). The declaratory judgment actions before this Court are indisputably the first-filed actions because they were filed months in advance of the Eastern District of Texas infringement suits. As such, the first-filed declaratory judgment actions must be allowed to proceed "unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." *See Genentech, Inc. v. Eli Lilly & Co.*, 998

[8] In *Genentech*, the court ruled that the law of the Federal Circuit, rather than the law of the circuit of origin, should be applied to "[the question of whether a properly brought declaratory action to determine patent rights should yield to a later-filed suit for patent infringement" because such a case "raises the issue of national uniformity in patent, and invokes the special obligation of the Federal Circuit to avoid creating opportunities for dispositive differences among the regional circuits. . . . [T]he regional circuit practice need not control when the question is important to national uniformity in patent practice." *Genentech*, 998 F.2d at 937; *see also Micron, supra,* at 904. The 9th Circuit recognizes the primacy of the first-to-file rule in a manner that is not inconsistent with Federal Circuit doctrine in patent cases. *See, e.g.*, *Pacesetter Systems, Inc. v. Medtronic, Inc.* 678 F.2d 93, 94-95 (9th Cir. 1982) (affirming decision by district court (C.D. Cal.) to dismiss second filed declaratory judgment in favor of first-filed patent infringement action in Southern District of Florida); *Church of Scientology of California v. United States Dep't of Army,* 611 F.2d 738, 750 (9th Cir.1979) (The rule "serves the purpose of promoting efficiency well and should not be disregarded lightly.").

F.2d 931, 937-38 (Fed. Cir. 1993). As set forth in *Micron*, the Federal Circuit's recognition of the "general rule" in favor the first-filed action "takes account of the convenience factors under 28 U.S.C. § 1404(a)." *Micron*, 518 F.3d at 904. Unless the convenience factors under 28 U.S.C. Section 1404(a) dictate transfer to the venue of the second filed action, the first-filed action takes priority. *Id.* As shown below, there is no basis to conclude that Eastern District of Texas is a more convenient forum than the Northern District, where the first-filed cases are pending.

**2. The Eastern District of Texas Is Not a More Convenient Venue than the Northern District of California Under 28 U.S.C. Section 1404(a).**

Section 1404(a) of Title 28 provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The section 1404(a) analysis set forth in *Micron* is informative to the analysis here. Like this case, *Micron* involved a first-filed declaratory judgment action in the Northern District of California and a subsequently-filed infringement suit in the Eastern District of Texas. Although the district court did not reach the § 1404(a) analysis, the Federal Circuit held that the case on remand should remain in the Northern District of California:

> With an eye to the convenience factors, the Northern District of California is the more appropriate forum for the dispute between Micron and MOSAID. Although MOSAID is a Canadian company, its U.S. operations are based out of the Northern District of California. Both Micron and MOSAID do business both in California and Texas, so this does not weigh in favor of either forum. Also, the record does not show that availability of witnesses or jurisdiction over desirable parties favors Texas over California. While the well-known patent forum of the Eastern District of Texas has heard cases involving some of the same patents, the record does not show any ongoing litigation requiring consolidation. Therefore, this factor also does not suggest a better forum in Texas. On balance, the jurisdiction of the first-filed declaratory judgment action appears to be the more convenient forum for both parties.

*Id.* at 508. The court further noted that, "it would be an abuse of discretion" to transfer the first-filed declaratory judgment action to the Eastern District of Texas. *Id.*

The circumstances in this case are far more compelling than in *Micron*. The convenience factors under 28 U.S.C. Section 1404(a) in this case tip strongly *in favor* of the Northern District

of California and *against* transfer of the first-filed California Actions[9] to the Eastern District of Texas, where the follow-on infringement actions were filed months later. The TPL Entities simply cannot come up with anything to justify dispensing with the rule giving priority to the first-filed action in this district.

**3. The Eastern District Texas is Less Convenient for the Parties and Witnesses.**

Neither the ASUSTeK Entities, nor any of the plaintiffs in the Acer/Gateway and HTC Actions[10] have offices, employees or known witnesses in the Eastern District of Texas. *See* Lu Decl., ¶ 5. The same goes for the TPL Entities. In contrast, three of the four TPL Entities are headquartered or have offices in this district, with the remaining entity located in Southern California. The inventors named on the patents in suit in the related California Actions are all listed as residents of this district.[11] Plaintiffs Acer America, Gateway, Inc., and ASUS International all have their primary places of business in this district. *See* Lu Decl., ¶ 4. For the remaining plaintiff entities, three are located in Taiwan (ASUSTeK, HTC and Acer, Inc.), and witnesses and representatives for those parties can fly directly to this district on a non-stop commercial flight.[12] *Id.*, ¶6. *See Eskofot A/S* v. *E.I. du Pont de Nemours & Co.*, 872 F. Supp. 81, 95-96 (S.D.N.Y 1992) (district with international airport favored for convenience of foreign

[9] As explained above, the ASUSTeK Action (N.D. Cal. Case No. C08 00884 (JF)) has been related to the Acer/Gateway Action (N.D. Cal. Case No. C 08 00877 (JF)), and the HTC Action (N.D. Cal. Case No. C 08 00882 (JF)). Thus, analysis of the convenience factors, especially as applied to the parties and witnesses, should be considered in the context of all of the related actions.

[10] The Declaratory Judgment plaintiffs in the Acer/Gateway Action are Acer, Inc., Acer America Corporation, and Gateway, Inc.; the declaratory judgment plaintiff's in the HTC Action are HTC Corporation and HTC America; and the declaratory judgment plaintiffs in the ASUSTeK Action are ASUSTeK Computer, Inc., and ASUSTeK Computer International.

[11] As pointed out in *supra* n. 4, the allegation that one of the named inventors resides somewhere in Texas (but not the Eastern District) is no basis for a conclusion that the Eastern District of Texas is more convenient.

[12] Witnesses and party representatives from the Taiwanese entities can reach this district by taking a direct, non-stop flight of about 11.5 hours from Taipei, Taiwan to San Francisco International Airport. If Taiwanese witnesses and party representatives were required to travel to the Eastern District of Texas, they would be required to transfer planes in San Francisco or Los Angeles, California, fly to Dallas, Texas and then travel on the ground over 150 miles to reach Marshall, Texas. The whole trip from Taipei, Taiwan to Marshall, Texas could take twice as long. Lu decl. ¶¶ 6, 7.

witnesses). HTC America is located in Seattle, Washington, and does significant business in this district, which can be reached directly on a non-stop commercial flight. There is simply no basis whatsoever to claim that it is more convenient for the parties and the witnesses to litigate their dispute in the Eastern District of Texas. The overwhelming facts are to the contrary. Indeed, TPL's own witnesses and representatives would be subjected to the added burdens of travel to the Eastern District of Texas.[13]

### 4. There is No Pending Action in the Eastern District of Texas that Requires Consolidation for Judicial Economy.

TPL predicates its motion to dismiss or transfer on a terminated Eastern District of Texas infringement action that concerned a small subset of the patents at issue in the present California Actions.[14] *See* Request for Judicial Notice under F.R.E. 201 of Certain Documents Filed in *Technology Properties Limited, Inc., v. Fujitsu Limited et al.,* Case No.: 2:05-CV-00494-TJW ("RJN"), Exhs. A-F (Docket Nos. 1, 314, 337, 367, 369 and 370). That action was terminated in the Eastern District of Texas on December 20, 2007 after TPL settled with all but one of the defendants. *Id.* Exhs. D, E (Docket Nos 367, 369). None of the defendants in that action are parties to these declaratory judgment actions. *See id.*, Exhs. A, D, E (Docket Nos. 1, 367, 369).

As to the one remaining defendant, ARM Ltd., TPL received a claim construction ruling on one patent (the '584 patent) that was so adverse that TPL was forced to stipulate to a judgment of non-infringement as to that patent. RJN, Exh. B (Docket No. 314). TPL then appealed the district court's claim construction ruling on October 17, 2007. *Id.*, Exh. C (Docket 337). The Federal Circuit heard oral arguments on May 6, 2008 and, three days later, summarily affirmed the district court's decision. *Id.* Exh. F (Docket 370). The mandate from the Federal Circuit was issued on June 16, 2008 and was entered into the Eastern District of Texas docket on June 19, 2008. *Id.* The former Texas case is therefore irrelevant to the present action because, contrary to

[13] TPL's contention that its witnesses would be willing to go to Texas does not constitute a legitimate convenience consideration.

[14] This action was entitled *Technology Properties Limited, Inc., v. Fujitsu Limited et al.* (Case No. 2:05-cv-494-TJW). This action involved only three (i.e., the '336, '584, and '148 Patents) of the nine patents at issue in the present California Actions and the later-filed Texas actions. *See infra*, RJN, Exh. A (Docket No. 1).

TPL's assertions, there is no possibility of that action returning to the Eastern District of Texas for further proceedings. That action, simply put, is stone dead.

TPL's remaining arguments about judicial efficiency are speculative and insufficient as a matter of law. Reduced to its essentials, TPL argues that because the Eastern District of Texas court received a technology tutorial nearly a year and a half ago, and subsequently construed claims from three out of the nine patents at issue in the present California Actions, this Court should transfer the California Actions to the Eastern District of Texas. TPL's argument has no merit. To begin with, the *Micron* decision debunks the notion that prior but terminated litigation in the Eastern District of Texas concerning some of the patents at issue in the California Actions is a basis for transfer: "While the well-known patent forum of the Eastern District of Texas has heard cases involving some of the same patents, the record does not show any ongoing litigation requiring consolidation. Therefore, this factor also does not suggest a better forum in Texas." 518 F.3d at 905. Moreover, TPL's suggestion that this Court will be unable to quickly absorb and the underlying technology is cynical and chafes against case law addressing similar assertions by forum shopping litigants. *See Pall Corp. v. PTI Techs., Inc.*, 992 F.Supp. 196, 202 (E.D.N.Y. 1998) (rejecting the "insinuation that this Court should transfer the suit to 'avoid expending effort educat[ing itself] on both the technology in general and the particular patents'" because "the Court's function in every case [is] to familiarize itself with the pertinent facts, data, technology and law"); *Truth Hardware Corp.* v. *Ashland Products, Inc.*, No. C.A. 02-1541 GMS, 2003 WL 118005, *1 (D. Del. Jan. 13, 2003) (concluding that "[w]hile the court does not doubt that the Illinois court may be more familiar with the technology at this juncture, the present court is amply qualified to likewise familiarize itself").

Also, because the parties and accused products are distinct from the narrower, and now closed, Texas case, there is little reason to put stock in TPL's claims of increased judicial economy. There are many patents at issue in the declaratory judgment actions before this Court that were never at issue in the prior Texas actions, so any argument regarding judicial efficiency is speculative and without merit. The parties in the declaratory judgment actions pending before this Court will certainly choose additional and/or different claim terms to reflect distinct issues

raised by the a different range of accused products. The technology tutorials are almost certain to be much broader in scope than the one conducted in Texas more than a year and a half ago. In any event, the parties and this Court will have access to the record from the prior Texas case. The parties will therefore be free to advocate the relevance and impact of issues addressed in those proceedings, and the Court will have the ability to consider whatever effect or value those files may present. Finally, because the declaratory judgment actions before this Court and the terminated Texas case are not aligned in scope, alarm over the danger of "inconsistent rulings" is speculative at best.

TPL also urges the Court to transfer because of the "relative court congestion and time to trial in each forum." *See* TPL Mot. at 12. This contention should be rejected: "Relative court congestion is at best, a minor factor in the section 1404 calculus." *See Royal Queentex Enterprises v. Sara-Lee Corp.*, 2000 WL 246599, *8 (N.D. Cal. March 1, 2000). Moreover, the assertion that docket congestion factors favor the Eastern District of Texas is unsubstantiated and widely contradicted. As one commentator recently observed:

> But all good things come to an end, and so too for the Eastern District of Texas. The district has been too successful in attracting patent cases, and the rocket docket is beginning to slow, markedly. For example, in the last twelve calendar months, Judge Ward received 140 new patent cases. These are in addition to his existing docket. With 140 new cases alone, one wonders how the court can manage the docket, run claims construction hearings, issue thoughtful opinions, and conduct trials. In short, filing in Marshall is very much like buying Google stock-perhaps a better idea three years ago.

S. Hosie, Patent Trolls and the New Tort Reform: A Practitioner's Perspective, 4 I/S: J. L. & Pol'y for Info. Soc'y 75, 86 (Spring 2008).

**5. The Eastern District of Texas is Not the Better Venue Under Ninth Circuit Transfer Law or "the *Decker* Factors."**

TPL's invocation of *Decker Coal Co. v. Commw. Edison Co.*, 805 F.2d 834 (9th Cir. 1986) does not support, and is contrary to, its motion to transfer. Consistent with controlling Federal Circuit precedent addressing venue in patent cases, *Decker* admonishes: "[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of

forum." *Id.* at 843; *accord Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092 (N.D. Cal. 2002) ("[U]nder Ninth Circuit law, a plaintiff's choice of forum is accorded substantial weight in proceedings under this section, and courts generally will not transfer an action unless the 'convenience' and 'justice' factors strongly favor venue elsewhere."). As explained in the preceding section, TPL has made no showing, let alone a "strong showing," sufficient to support transfer of this action.

TPL's invocation of *Arete Power, Inc.* v. *Beacon Power Corp.* 2008 WL 508477 (N.D. Cal. Feb. 22, 2008) (Brazil, J.) is also misplaced. The court in *Arete* transferred a case to the District of Massachusetts because the majority of the parties and witnesses were either located in, or nearer to, that venue. *Id.* at *4-9. Notably, *Arete* did *not* involve a first-filed action in either the transferor or the transferee forum, but was instead a garden variety transfer case driven primarily by the proximity of the core group of witnesses and parties to the alternative venue. The same fundamental considerations counsel in favor of the Northern District of California as the proper venue for the related California Actions. Moreover, *Arete* makes clear that TPL, as the party moving for transfer, "has the burden to establish by particular circumstances that the action should be transferred to the proposed transferee district." *Id.* at *2 (*citing Commodity Futures Trading Comm'n v. Savage,* 611 F.2d 270, 279 (9th Cir. 1979)). TPL fails to carry its burden.

Application of the seven factors in TPL's motion to this case do not support a transfer to the Eastern District of Texas. Factors (1) ("the relative ability of each of the two courts to compel attendance of witnesses") and (4) ("reducing the aggregate transaction costs imposed by the litigation on the parties") strongly favor this district in light of the number of parties and witnesses actually located here, or in places that are manifestly closer and more convenient to this district than the Eastern District of Texas. Related to Factor (4), factor (2) ("the relative ability of the two courts to provide direct access by witnesses and jurors to tangible evidence or to pertinent premises") also strongly favors the Northern District, where all (or all but one) of the inventors, and all but one of the patent owners are located. Factor (3) ("promoting consistency among court rulings that affect the development and trial of this case") is neutral because this is the first-filed

case, and there is no case pending elsewhere that would present a danger of inconsistent rulings.[15] Factor (6) ("assessing the relative intensity in the two jurisdictions of any local interests that the litigation might implicate"), to the extent applicable here, weighs in favor of this district given the involvement of numerous local parties and witnesses, in contrast with the Eastern District of Texas, which has no discernable local interest in the actions. Factor (7) (the "relative levels of familiarity of the judges in the two courts with the substantive law they would be called upon to construe and apply in the case") is neutral, as both the Northern District of California and the Eastern District of Texas have expertise and experience with sophisticated patent litigation.

TPL's speculative and anecdotal musings about the comparative docket congestion in this District and the Eastern District of Texas have little (if any) relevance and certainly cannot overcome the other factors and the priority of the first-to-file rule. *See e.g. Royal Queentex Enterprises v. Sara-Lee Corp., supra,* 2000 WL 246599, *8 ("Relative court congestion is at best, a minor factor in the section 1404 calculus"). As explained in the preceding section, given the large number of patent cases that have been recently filed in the Eastern District of Texas, this factor does not weigh in favor of either district.

**B. TPL's Motion to Stay Should Be Denied as Moot.**

As explained above, TPL's appeal to the Federal Circuit arising from the prior Texas action has been resolved and that case is terminated, so there will be nor further proceedings in that action. TPL's motion to stay is therefore moot and should be denied.

---

[15] Upon a decision by this Court to maintain jurisdiction over the California Actions, the Eastern District of Texas Court can be expected to apply a first-to-file analysis that will result in a transfer of the second-filed Texas actions to this district. *See Texas Instruments v. Micron Semiconductor,* 815 F.Supp. 994, 997 (E.D. Tex. 1993) (Court must consider whether there is substantial overlap of issues militating adjudication by a single court, and if so, which court should handle the case); *Cadle v. Whataburger of Alice, Inc.* 174 F.3d 599, 605-06 (5th Cir. 1999)(internal citations omitted)("Once the likelihood of substantial overlap between the two suits has been demonstrated, it is no longer up to the second-filed court to resolve the question of whether both should be allowed to proceed"); *Sutter Corp. v. P&P Industries, Inc.,* 125 F.3d 914, 920 (5th Cir. 1997) ("the proper course of action [is] for the [second-filed] court to transfer the case" to the court in which the first-filed action is pending); *See also StemCells, Inc.* v. *Neuralstem, Inc.* 2008 WL 2622831 (N.D.Cal. July 1, 2008 Wilken, J.) (Second-filed court deferred to first-filed court "to decide the appropriate forum and whether an exception to the first-to-file rule is applicable"), *citing Pacesetter, supra,* 678 F.2d at 96 (noting that normally the respective convenience of the two courts should be addressed to the court in the first-filed action).

## IV. CONCLUSION

For the reasons set forth above, this Court should DENY TPL's Motion in its entirety.

Dated: July 11, 2008

WHITE & CASE LLP

By: /s/ Kyle D. Chen

Attorneys for Plaintiffs
ASUSTeK COMPUTER, INC. and ASUS COMPUTER INTERNATIONAL