WILLIAM SLOAN COATS (SBN: 94864)
email: wcoats@whitecase.com
MARK R. WEINSTEIN (SBN: 193043)
email: mweinstein@whitecase.com
KYLE D. CHEN (SBN 239501)
email: kchen@whitecase.com
WHITE & CASE LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA 94306
Telephone: (650) 213-0300
Facsimile: (650) 213-8158

Attorneys for Plaintiffs
ASUSTeK COMPUTER, INC. and ASUS
COMPUTER INTERNATIONAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| ASUSTEK COMPUTER, INC. and ASUS COMPUTER INTERNATIONAL,<br><br>Plaintiffs,<br>v.<br><br>TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, MCM PORTFOLIO LLC and ALLIACENSE LIMITED,<br><br>Defendants. | Case No. C 08 00884 (JF)<br>(Related to C 08 00877 JF and C 08 00882 JF)<br><br>**DECLARATION OF JACKY LU IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION (1) TO DISMISS ON GROUNDS OF LACK OF SUBJECT MATTER JURISDICTION, (2) IN THE ALTERNATIVE, TO TRANSFER TO THE EASTERN DISTRICT OF TEXAS, AND (3) IN THE ALTERNATIVE, TO STAY PENDING APPEAL IN A RELATED CASE INVOLVING THE SAME ISSUES** |

I, Jacky Lu, declare:

1. I am a Manager in the Intellectual Property (IP) Administration at the Legal Center of plaintiff ASUSTeK Computer Inc. ("ASUSTeK"), and I have been with ASUSTeK's Legal Center since 2003. As a Manager in the IP Administration at the Legal Center of ASUSTeK, I am familiar with the operations of ASUSTeK and its U.S. subsidiary, plaintiff ASUS Computer International ("ASUS International"). I have personal knowledge of the facts set forth in this Declaration, know them to be true and correct, and can testify competently thereto if called upon to do so.

2. In or about late 2005, defendant Technology Properties Limited ("TPL"), through defendant Alliacense Limited ("Alliacense"), began demanding that ASUSTeK and its subsidiaries enter into a royalty-bearing license under a number of patents. In particular, TPL asserted that ASUSTeK's products infringed one or more claims of certain patents including U.S. Patent Nos. 5,440,749, 5,809,336, and 5,784,584, which I am informed are co-owned by TPL and defendant Patriot Scientific Corporation. TPL (through Alliacense) later claimed that products of ASUSTeK and its subsidiaries infringe other patents such as U.S. Patent Nos. 6,438,638 and 6,976,623, which I am informed are assigned to defendant MCM Portfolio LLC. TPL (through Alliacense) provided claim charts to ASUSTeK that purported to compare the TPL patents to various ASUSTeK products. TPL (through Alliacense) also sent threatening letters to companies that sell and distribute ASUSTeK products, who have requested indemnification. ASUSTeK has denied, and continues to deny, that its products infringe any of TPL's patents.

3. ASUSTeK met with TPL through Alliacense several times to discuss the possibility of a license agreement. During these meetings, Alliacense demanded that ASUSTeK take licenses for itself and its subsidiaries or risk possible infringement liability. Despite multiple meetings spanning more than two years, the parties were unable to reach any agreement, and, by early 2008, the talks had reached an impasse. In response to TPL's threats and the inability of the parties to reach any resolution, on February 8, 2008, ASUSTeK filed this action seeking a declaratory judgment that it does not infringe any valid claim in any of TPL's patents.

4. Plaintiff ASUS Computer International ("ASUS International") is a California

1  corporation headquartered in Fremont, California. ASUS International is a subsidiary of
2  ASUSTeK that is in charge of the sales and distribution of ASUSTeK products in the United
3  States, including the products that TPL has accused of infringement. Party representatives and
4  employees from both ASUSTeK and ASUS International, as well as witnesses with knowledge
5  regarding the sales and distribution of accused products in the United States, are located at ASUS
6  International's facilities in Fremont, California. In addition, documentation relating to the sales
7  and distribution of ASUSTeK's products is also located in Fremont, California.
8      5.    Neither ASUSTeK nor ASUS International has any employees, facilities or
9  documents pertinent to this case in the Eastern District of Texas. Additionally, ASUSTeK and
10 ASUS International conduct far more commercial activities in the Northern District of California
11 than in the Eastern District of Texas.
12     6.    I have traveled many times to the United States in connection with my
13 responsibilities for ASUSTeK and ASUS International. Based on my experiences, I believe that
14 San Jose, California would be a more convenient forum than Marshall, Texas for ASUSTeK and
15 ASUS International to resolve their differences with the defendants. This is obviously true for
16 ASUS International because it is located in Fremont, California. ASUSTeK is a Taiwan
17 corporation headquartered in Taipei, Taiwan near Taiwan's main international airport.
18 ASUSTeK witnesses and representatives can travel to the Northern District of California by
19 flying directly to San Francisco, California on a non-stop commercial flight, then taking ground
20 transportation to San Jose, California. The duration of the non-stop flight is approximately
21 eleven-and-a-half hours.
22     7.    In order for ASUSTeK witnesses and party representatives to travel from Taipei to
23 Marshall, Texas, on the other hand, they would first have to take the same eleven-and-a-half-hour
24 flight from Taipei, Taiwan to San Francisco, California (or another connecting airport), take a
25 second flight to Dallas, Texas, then obtain ground or other transportation to travel to Marshall,
26 Texas, which I understand is approximately one hundred and fifty miles away from Dallas, Texas.
27 As a result, the total travel time for ASUSTeK witnesses from Taipei to Marshal, Texas, once
28 reasonable layovers and ground transportation are taken into account, could be twice as long as

the time to travel to San Jose, California.

    I declare under penalty of perjury that the foregoing is true and correct. Executed in Taipei, Taiwan.

Dated: July 11, 2008

By: /s/ Jacky Lu
Manager
Intellectual Property Administration
Legal Center, ASUSTeK Computer Inc.