Robert E. Krebs, State Bar No. 57526
rkrebs@nixonpeabody.com
Christoper L. Ogden, State Bar No. 235517
cogden@nixonpeabody.com
Nixon Peabody LLP
200 Page Mill Road, Suite 200
Palo Alto, CA 94305-2022
Tel. 650.320.7700
Fax. 650.320.7701

Ronald F. Lopez, State Bar No. 11756
rflopez@nixonpeabody.com
Sushila Chanana, State Bar No. 254100
schanana@nixonpeabody.com
Nixon Peabody LLP
One Embarcadero Center, Suite 1800
San Francisco, CA 94111
Tel. 415.984.8200
Fax. 415.984.8300

ATTORNEYS FOR DEFENDANTS
TECHNOLOGY PROPERTIES LIMITED,
MCM PORTFOLIO LLC, and ALLIACENSE
LIMITED

Charles T. Hoge, State Bar No. 110696
CHoge@knlh.com
Kirby Noonan Lance & Hoge
350 Tenth Avenue, Suite 1300
San Diego, CA 92101
Tel.: (619) 231-8666
Fax: (619) 231-9593

ATTORNEY FOR DEFENDANT
PATRIOT SCIENTIFIC CORPORATION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| ASUSTEK COMPUTER INC., et al.<br><br>               Plaintiffs,<br><br>vs.<br><br>TECHNOLOGY PROPERTIES LIMITED, et al.<br><br>               Defendants. | Case No.: 08–CV–00884 JF<br>(related cases: 08–CV–00882, 00877)<br><br>**DEFENDANTS' ANSWER AND COUNTERCLAIM TO COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>The Honorable Jeremy Fogel<br><br>**Jury Trial Demanded** |

Declaratory judgment defendants Technology Properties Limited ("TPL"), Patriot Scientific Corporation ("Patriot"), MCM Portfolio, L.L.C. (MCM), and Alliacense Limited (Alliacense) (collectively "Defendants") answer and counterclaim to declaratory judgment plaintiffs Asustek Computer Inc., and Asus Computer International (collectively, "Plaintiffs'") Complaint for Declaratory Judgment ("Complaint") by admitting, denying, and alleging as follows:

1.      Responding to paragraph 1 of the Complaint, admitted.

## PARTIES

2.      Responding to paragraph 2 of the Complaint, Defendants admit upon information and belief that Plaintiff Asustek Computer, Inc. ("Asustek") is a Taiwan corporation with its principal place of business in Taipei, Taiwan, R.O.C.

3.      Responding to paragraph 3 of the Complaint, Defendants admit upon information and belief that Plaintiff ASUS Computer International ("Asus") is a California corporation with its principal place of business in Fremont, California.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 3, and, therefore, deny the same.

4.      Responding to paragraph 4 of the Complaint, admitted.

5.      Responding to paragraph 5 of the Complaint, admitted.

6.      Responding to paragraph 6 of the Complaint, Defendants admit that MCM has full ownership interest in some of the patents-in-suit[1] and that MCM is a Delaware limited liability company with its principal place of business in Cupertino, California.  Except as so expressly admitted, denied.

7.      Responding to paragraph 7 of the Complaint, Defendants admit that Alliacense Ltd. is a California corporation with its principal place of business in Cupertino, California and that Alliacense enters into negotiations with third parties regarding licenses to the patents-in-suit. Except as so expressly admitted, denied.

---

[1] The patents-in-suit are listed in paragraph 13.

**JURISDICTION AND VENUE**

8.      Responding to paragraph 8 of the Complaint, admitted.

9.      Responding to paragraph 9 of the Complaint admitted.

10.      Responding to paragraph 10 of the Complaint, Defendants admit that TPL, MCM, and Alliacense have their principal places of business in this District.  Except as so expressly admitted, denied.

**INTRADISTRICT ASSIGNMENT**

11.      Responding to paragraph 11 of the Complaint, denied.

**EXISTENCE OF AN ACTUAL CONTROVERSY**

12.      Responding to paragraph 12 of the Complaint, admitted.

13.      Responding to paragraph 13 of the Complaint, Defendants admit that Defendants have been engaged in discussions since 2005 with the Plaintiffs regarding licensing the Moore Microprocessor Patent portfolio ("MMP portfolio"), including U.S. Patent Nos. 5,809,336 ("'336"), 5,784,584 ("'584"), 5,440,749 ("'749"), 5,530,890 ("'890").   Defendants also admit that Defendants have been engaged in discussions since 2007 regarding the Core Flash Memory Patent portfolio ("Core Flash portfolio"), including U.S. Patent Nos., 6,438,638 ("'638"), 6,976,623 ("'623"),  7,295,443 ("'443"), and 7,162,549 ("'549") (MMP and Core Flash portfolios collectively the "patents-in-suit").  Defendants further admit that Defendants have told Plaintiffs that they infringe on the patents in suit, and if Plaintiffs continued to refuse to purchase a license, Defendants would have to consider pursuing legal options. Except as so expressly admitted, denied.

14.      Responding to paragraph 14 of the Complaint, Defendants admit that they have provided claim charts to the Plaintiffs identifying how exemplary Asustek and Asus  products are covered by the MMP portfolio and Core Flash portfolio patents.  Defendants further admit that Defendants have told Plaintiffs that they infringe on the patents in suit.  Except as so expressly admitted, denied.

15.     Responding to paragraph 15 of the Complaint, Defendants admit that they have met with Plaintiffs several times to provide details concerning the MMP and Core Flash patent portfolios, to answer questions Plaintiffs may have concerning their need for a license to the MMP and Core Flash patent portfolio, and to discuss Plaintiffs licensing the MMP and Core Flash patent portfolios.  Defendants further admit that Defendants have told Plaintiffs that they infringe on the patents in suit, and if Plaintiffs continued to refuse to purchase a license, Defendants would have to consider pursuing legal options.  Defendants also admit that the parties have been unable to reach an agreement regarding Plaintiffs licensing the MMP and Core Flash patent portfolios.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 15, and, therefore, deny the same.

16.     Responding to paragraph 16 of the Complaint, admitted.

## PLAINTIFFS' FIRST CLAIM
## DECLARATORY JUDGMENT REGARDING THE '336 PATENT

17.     Responding to paragraph 17 of the Complaint, Defendants hereby repeat and incorporate by reference Defendants' replies to paragraphs 1 through 16 of the Complaint as though fully set forth herein.

18.     Responding to paragraph 18 of the Complaint, denied.

## PLAINTIFFS' SECOND CLAIM
## DECLARATORY JUDGMENT REGARDING THE '584 PATENT

19.     Responding to paragraph 19 of the Complaint, Defendants hereby repeat and incorporate by reference Defendants' replies to paragraphs 1 through 16 of the Complaint as though fully set forth herein.

20.     Responding to paragraph 20 of the Complaint, denied.

## PLAINTIFFS' THIRD CLAIM
## DECLARATORY JUDGMENT REGARDING THE '749 PATENT

21.     Responding to paragraph 21 of the Complaint, Defendants hereby repeat and incorporate by reference Defendants' replies to paragraphs 1 through 16 of the Complaint as though fully set forth herein.

22.     Responding to paragraph 22 of the Complaint, denied.

## PLAINTIFFS' FOURTH CLAIM

## DECLARATORY JUDGMENT REGARDING THE '890 PATENT

23.     Responding to paragraph 23 of the Complaint, Defendants hereby repeat and incorporate by reference Defendants' replies to paragraphs 1 through 16 of the Complaint as though fully set forth herein.

24.     Responding to paragraph 24 of the Complaint, denied.

## PLAINTIFFS' FIFTH CLAIM

## DECLARATORY JUDGMENT REGARDING THE '638 PATENT

25.     Responding to paragraph 25 of the Complaint, Defendants hereby repeat and incorporate by reference Defendants' replies to paragraphs 1 through 16 of the Complaint as though fully set forth herein.

26.     Responding to paragraph 26 of the Complaint, denied.

## PLAINTIFFS' SIXTH CLAIM

## DECLARATORY JUDGMENT REGARDING THE '623 PATENT

27.     Responding to paragraph 27 of the Complaint, Defendants hereby repeat and incorporate by reference Defendants' replies to paragraphs 1 through 16 of the Complaint as though fully set forth herein.

28.     Responding to paragraph 28 of the Complaint, denied.

## PLAINTIFFS' SEVENTH CLAIM

## DECLARATORY JUDGMENT REGARDING THE '443 PATENT

29.     Responding to paragraph 29 of the Complaint, Defendants hereby repeat and incorporate by reference Defendants' replies to paragraphs 1 through 16 of the Complaint as though fully set forth herein.

30.     Responding to paragraph 30 of the Complaint, denied.

**PLAINTIFFS' EIGHTH CLAIM**

**DECLARATORY JUDGMENT REGARDING THE '549 PATENT**

31.     Responding to paragraph 31 of the Complaint, Defendants hereby repeat and incorporate by reference Defendants' replies to paragraphs 1 through 16 of the Complaint as though fully set forth herein.

32.     Responding to paragraph 32 of the Complaint, denied.

**DEFENDANTS' AFFIRMATIVE DEFENSES**

Defendants allege and assert the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein:

1.     Plaintiffs Asustek Computer, Inc. and Asus computer International have infringed the patents-in-suit.

2.     The patents-in-suit are neither invalid nor unenforceable.

3.     The Complaint fails to establish that venue is proper in this District.

**DEFENDANTS' COUNTERCLAIMS**

For their Counterclaims against the Plaintiffs, Defendants-Counterclaim Plaintiffs Technology Properties Limited, Patriot Scientific Corporation, and MCM Portfolio, L.L.C. allege as follows:

**PARTIES**

1.     This is a civil action for patent infringement.  This action is based upon the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

2.     Counterclaim Plaintiff Technology Properties Limited ("TPL") is a corporation organized under the laws of the State of California and maintains its principal place of business in Cupertino, California.

3.      Counterclaim Plaintiff Patriot Scientific Corporation ("Patriot") is a corporation organized under the laws of the State of California and maintains its principal place of business in Carlsbad, California.

4.      Counterclaim Plaintiff MCM Portfolio LLC ("MCM") is a corporation organized under the laws of the State of Delaware and maintains its principal place of business in Cupertino, California.

5.      Counterclaim Defendant Asustek Computer, Inc. ("Asustek") represented in its Complaint that it is a Taiwan corporation with its principal place of business in Taipei, Taiwan, R.O.C.

6.      Counterclaim Defendant ASUS Computer International ("Asus") represented in its Complaint that it is a California corporation with its principal place of business in Fremont, California.

## JURISDICTION

7.      The court has subject matter jurisdiction over this counterclaim under 28 U.S.C. §§ 1331 and 1338(a).

8.      The parties have contested that venue is proper in this district.  However, Counterclaim Defendants have committed acts of infringement in this district.

## GENERAL ALLEGATIONS

9.      On September 15, 1998, United States Patent No. 5,809,336 entitled "High Performance Microprocessor Having Variable Speed System Clock" was duly and legally issued. All rights and interest in the '336 patent are co-owned by TPL and Patriot.  TPL has the sole and exclusive right and obligation to license and enforce the '336 patent.

10.      On August 8, 1995, United States Patent No. 5,440,749 entitled "High Performance, Low Cost Microprocessor Architecture" was duly and legally issued.  All rights and interest in the '749 patent are co-owned by TPL and Patriot.  TPL has the sole and exclusive right and obligation to license and enforce the '749 patent.

11.   On June 25, 1996, United States Patent No. 5,530,890 entitled "High performance, low cost microprocessor" was duly and legally issued.  All rights and interest in the '890 patent are co-owned by TPL and Patriot.  TPL has the sole and exclusive right and obligation to license and enforce the '890 patent. .

12.   On **August 20, 2002**, United States Patent No. 6,438,638 entitled "Flashtoaster for reading several types of flash-memory cards with or without a PC" was duly and legally issued. All rights and interest in the '638 patent are owned by MCM.  TPL has the sole and exclusive right and obligation to license and enforce the '638 patent.

13.   On **December 20, 2005**, United States Patent No. 6,976,623 entitled "Flash juke box" was duly and legally issued.  All rights and interest in the '623 patent are owned by MCM. TPL has the sole and exclusive right and obligation to license and enforce the '623 patent.

14.   On **November 13, 2007**, United States Patent No. 7,295,443 entitled "Smartconnect universal flash media card adapters" was duly and legally issued.  TPL has the sole and exclusive right and obligation to license and enforce the '443 patent.

15.   On **January 9, 2007**, United States Patent No. 7,162,549 entitled "Multimode controller for intelligent and 'dumb' flash cards" was duly and legally issued.  TPL has the sole and exclusive right and obligation to license and enforce the '549 patent.

## COUNT I

### (Infringement of U.S. Patent No. 5,809,336)

16.   Paragraphs 1-16 of the Complaint set forth above are incorporated herein by reference.

17.   Upon information and belief, Counterclaim Defendants Asustek and Asus have infringed and continue to infringe the '336 patent under 35 U.S.C. § 271.

18.   The Counterclaim Defendants' acts of infringement have caused damage to Counterclaim Plaintiffs. Under 35 U.S.C. § 284, TPL and Patriot are entitled to recover from the Counterclaim Defendants the damages sustained by Counterclaim Plaintiffs as a result of the infringement of the '336 patent.  The Counterclaim Defendants' infringement of Counterclaim

Plaintiffs' exclusive rights under the '336 patent will continue to damage Counterclaim Plaintiffs' business, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court under 35 U.S.C. § 283.

19.     Counterclaim Plaintiffs allege, on information and belief, that the Counterclaim Defendants' acts of infringement were willful and deliberate.

## COUNT II

### (Infringement of U.S. Patent No. 5,440,749)

20.     Paragraphs 1-16 of the Complaint set forth above are incorporated herein by reference.

21.     Upon information and belief, Counterclaim Defendants Asustek and Asus have infringed and continue to infringe the '749 patent under 35 U.S.C. § 271.

22.     The Counterclaim Defendants' acts of infringement have caused damage to Counterclaim Plaintiffs. Under 35 U.S.C. § 284, TPL and Patriot are entitled to recover from the Counterclaim Defendants the damages sustained by Counterclaim Plaintiffs as a result of the infringement of the ' 749 patent.  The Counterclaim Defendants' infringement of Counterclaim Plaintiffs' exclusive rights under the ' 749 patent will continue to damage Counterclaim Plaintiffs' business, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court under 35 U.S.C. § 283.

23.     Counterclaim Plaintiffs allege, on information and belief, that the Counterclaim Defendants' acts of infringement were willful and deliberate.

## COUNT III

### (Infringement of U.S. Patent No. 5,530,890)

24.     Paragraphs 1-16 of the Complaint set forth above are incorporated herein by reference.

25.     Upon information and belief, Counterclaim Defendants Asustek and Asus have infringed and continue to infringe the '890 patent under 35 U.S.C. § 271.

26.     The Counterclaim Defendants' acts of infringement have caused damage to Counterclaim Plaintiffs. Under 35 U.S.C. § 284, TPL and Patriot are entitled to recover from the Counterclaim Defendants the damages sustained by Counterclaim Plaintiffs as a result of the infringement of the ' 890 patent.  The Counterclaim Defendants' infringement of Counterclaim Plaintiffs' exclusive rights under the ' 890 patent will continue to damage Counterclaim Plaintiffs' business, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court under 35 U.S.C. § 283.

27.     Counterclaim Plaintiffs allege, on information and belief, that the Counterclaim Defendants' acts of infringement were willful and deliberate.

## COUNT IV

### (Infringement of U.S. Patent No. 6,438,638)

28.     Paragraphs 1-16 of the Complaint set forth above are incorporated herein by reference.

29.     Upon information and belief, Counterclaim Defendants Asustek and Asus have infringed and continue to infringe the '638 patent under 35 U.S.C. § 271.

30.     The Counterclaim Defendants' acts of infringement have caused damage to Counterclaim Plaintiffs. Under 35 U.S.C. § 284, TPL and MCM are entitled to recover from the Counterclaim Defendants the damages sustained by Counterclaim Plaintiffs as a result of the infringement of the ' 638 patent.  The Counterclaim Defendants' infringement of Counterclaim Plaintiffs' exclusive rights under the ' 638 patent will continue to damage Counterclaim Plaintiffs' business, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court under 35 U.S.C. § 283.

31.     Counterclaim Plaintiffs allege, on information and belief, that the Counterclaim Defendants' acts of infringement were willful and deliberate.

## COUNT V

### (Infringement of U.S. Patent No. 6,976,623)

32.     Paragraphs 1-16 of the Complaint set forth above are incorporated herein by reference.

33.     Upon information and belief, Counterclaim Defendants Asustek and Asus have infringed and continue to infringe the '623 patent under 35 U.S.C. § 271.

34.     The Counterclaim Defendants' acts of infringement have caused damage to Counterclaim Plaintiffs. Under 35 U.S.C. § 284, TPL and MCM are entitled to recover from the Counterclaim Defendants the damages sustained by Counterclaim Plaintiffs as a result of the infringement of the '623 patent. The Counterclaim Defendants' infringement of Counterclaim Plaintiffs' exclusive rights under the '623 patent will continue to damage Counterclaim Plaintiffs' business, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court under 35 U.S.C. § 283.

35.     Counterclaim Plaintiffs allege, on information and belief, that the Counterclaim Defendants' acts of infringement were willful and deliberate.

## COUNT VI

### (Infringement of U.S. Patent No. 7,295,443)

36.     Paragraphs 1-16 of the Complaint set forth above are incorporated herein by reference.

37.     Upon information and belief, Counterclaim Defendants Asustek and Asus have infringed and continue to infringe the '443 patent under 35 U.S.C. § 271.

38.     The Counterclaim Defendants' acts of infringement have caused damage to Counterclaim Plaintiffs. Under 35 U.S.C. § 284, Counterclaim Plaintiffs are entitled to recover from the Counterclaim Defendants the damages sustained by Counterclaim Plaintiffs as a result of the infringement of the '443 patent. The Counterclaim Defendants' infringement of Counterclaim Plaintiffs' exclusive rights under the '443 patent will continue to damage Counterclaim Plaintiffs' business, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court under 35 U.S.C. § 283.

39.     Counterclaim Plaintiffs allege, on information and belief, that the Counterclaim Defendants' acts of infringement were willful and deliberate.

<u>COUNT VII</u>

**(Infringement of U.S. Patent No. 7,162,549)**

40.     Paragraphs 1-16 of the Complaint set forth above are incorporated herein by reference.

41.     Upon information and belief, Counterclaim Defendants Asustek and Asus have infringed and continue to infringe the '549 patent under 35 U.S.C. § 271.

42.     The Counterclaim Defendants' acts of infringement have caused damage to Counterclaim Plaintiffs. Under 35 U.S.C. § 284, Counterclaim Plaintiffs are entitled to recover from the Counterclaim Defendants the damages sustained by Counterclaim Plaintiffs as a result of the infringement of the ' 549 patent.  The Counterclaim Defendants' infringement of Counterclaim Plaintiffs' exclusive rights under the ' 549 patent will continue to damage Counterclaim Plaintiffs' business, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court under 35 U.S.C. § 283.

43.     Counterclaim Plaintiffs allege, on information and belief, that the Counterclaim Defendants' acts of infringement were willful and deliberate.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, TPL and Patriot respectfully request that this Court enter judgment against Counterclaim Defendants as follows:

A.     For judgment that Counterclaim Defendants HTC Corporation and HTC America Inc., have infringed and continue to infringe the '336 patent, the '749 patent, the '890 patent, the '638 patent, the '623 patent, the '443 patent, and the '549 patent.

B.     For permanent injunctions under 35 U.S.C. § 283 against Counterclaim Defendants and their directors, officers, employees, agents, subsidiaries, parents, attorneys, and all persons acting in concert, on behalf of, in joint venture, or in partnership with Counterclaim Defendants from further acts of infringement;

1    C.  For damages to be paid by Counterclaim Defendants adequate to compensate TPL
2
 and Patriot for their infringement, including interests, costs and disbursements as the Court may
3
 deem appropriate under 35 U.S.C. § 284;
4
    D.  For judgment finding that Counterclaim Defendants' infringement was willful and
5
 deliberate, entitling TPL and Patriot to increased damages under 35 U.S.C. § 284;
6
    E.  For judgment finding this to be an exceptional case against Counterclaim
7
 Defendants and awarding TPL and Patriot attorney's fees under 35 U.S.C. § 285; and,
8
    F.  For such other and further relief at law and in equity as the court may deem just
9
 and proper.
10
                Respectfully submitted,
11

12
Dated:  November 21, 2008  By:  /s/ RONALD F. LOPEZ
13
              RONALD F. LOPEZ
              ROBERT E. KREBS
14
              CHRISTOPHER L. OGDEN
              SUSHILA CHANANA
15
              of NIXON PEABODY LLP,
              Attorneys for Defendants TECHNOLOGY
16
              PROPERTIES LIMITED, MCM PORTFOLIO LLC
              and ALLIACENSE LIMITED.
17
18
              CHARLES T. HOGE
              of KIRBY NOONAN LANCE & HOGE, LLP,
19
              Attorneys for Defendant
              PATRIOT SCIENTIFIC CORPORATION.
20
21
22
23
24
25
26
27
28